John R. Gilbride vs. Benjamin Tillis }No. 86527.

January 23, 1933.

FROST, J. Heard upon plaintiff's motion for new trial after verdict for defendant.

In this action the writ is in trespass while the declaration contains three counts in trespass and one in trespass on the case.

The first count alleges a false arrest on April 27, 1931; the second, an assault and battery on the same date; the third, a false arrest on May 5, 1931; while the fourth count alleges that on May 5, 1930, the defendant maliciously caused a warrant to be issued for the arrest of the plaintiff, upon which warrant he was later tried and found not guilty. To these counts the defendant filed a general denial and also a special plea setting up the fact that he was a police officer, etc.

From the evidence it appeared that on the afternoon of April 27, the defendant, Sergeant Tillis of the Providence Police Department, was riding his motorcycle on Livingston Street at or near the corner of Corliss Street, when someone made a loud and unpleasant noise, which, as the sergeant evidently thought, tended to bring him into ridicule. The plaintiff, a young man, was accused of making the noise and after some little talk was arrested, taken to the station in the patrol wagon and detained from thirty minutes to an hour, when he was allowed to go home after being "booked" as a "suspicious person." Later, on May 5, a warrant was issued charging Gilbride with revelling, upon which charge he was tried and found not guilty.

There was testimony tending to prove that Gilbride did not make the offensive noise; that whatever noise was made was uttered by a child six years of age. Upon this issue of identity, the testimony of Captain Glidden, if accepted, is significant. He testified that at the station Gilbride neither admitted nor denied the charge that he was the offender, nor did he mention a small child. Had there been a mistake on the part of Sergeant Tillis as to who made the noise, it certainly would have been a natural thing to do for Gilbride to say that it was the child and not he that had cried out to the officer.

The testimony of Gilbride was that he was struck by Tillis prior to his arrest but this was denied. Gilbride also testified that he was detained from thirty minutes to one hour and then was allowed to leave.

The testimony also showed that a few days later, that is on May fifth, a warrant was issued charging Gilbride with revelling on April 27th; that he pleaded not guilty, was later tried, found not guilty and discharged.

Whether Gilbride was the person who shouted at Sergeant Tillis, whether he was struck by the officer and, if so, to an extent unnecessary for the purpose of subduing him, and whether Tillis' conduct and actions in causing the issuance of a warrant were malicious were all questions of fact for the jury.

Counsel for the plaintiff argues that some of the testimony adduced by the defendant was false. As to this the Court thinks there was testimony in the case which, to say the least, was difficult to believe, but the truth or the falsity of testimony is a question for the jury and in this case the Court is satisfied that there was testimony of a credible character from which the jury might reasonably and properly, under the instructions of the Court as to the law involved, reach the conclusion that was reached.

As to the affidavit of newly discovered evidence, the evidence offered, if allowed to be given, would be but cumulative and, in addition, it does not appear that the witness mentioned could not have been found through reasonable diligence prior to the trial.

In the judgment of the Court the verdict does substantial justice between the parties and the plaintiff's motion for a new trial is therefore denied.

For plaintiff: John F. O'Connell.

For defendant: Voight, Wright & Munroe.